```
                                         ┌──────────────────────────────┐
                                         │          F I L E D           │
                                         │  CLERK, U.S. DISTRICT COURT   │
                                         │                              │
                                         │       JULY 8, 2020           │
                                         │                              │
                                         │ CENTRAL DISTRICT OF CALIFORNIA│
                                         │ BY: _____ rrp _____ DEPUTY │
                                         └──────────────────────────────┘
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2019 Grand Jury

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

QUYNHAN ADAM DO NGUYEN,

        Defendant.

No. **8:20-cr-00082 DOC**

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute MDMA; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 9, 2019, in Orange County, within the Central District of California, defendant QUYNHAN ADAM DO NGUYEN knowingly and intentionally possessed with intent to distribute 3, 4-methylenedioxymethamphetamine, a Schedule I controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 10, 2019, in Orange County, within the Central District of California, defendant QUYNHAN ADAM DO NGUYEN knowingly and intentionally possessed with intent to distribute 3, 4-methylenedioxymethamphetamine, a Schedule I controlled substance.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about November 10, 2019, in Orange County, within the Central District of California, defendant QUYNHAN ADAM DO NGUYEN knowingly possessed firearms, namely, a Sig Sauer, model P226, .40 caliber pistol, bearing serial number U672322, and an unserialized 9mm pistol with no known make or model (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute 3, 4-methylenedioxymethamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about November 10, 2019, in Orange County, within the Central District of California, defendant QUYNHAN ADAM DO NGUYEN knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

(1) a Sig Sauer, model P226, .40 caliber pistol, bearing serial number U672322;

(2) 100 rounds of Winchester Luger 9mm caliber ammunition;

(3) 50 rounds of Winchester S&W .40 caliber ammunition;

(4) 19 rounds of Winchester +P+ 15 9mm caliber ammunition;

(5) 4 rounds of Sig Sauer Luger 9mm caliber ammunition; and

(6) 3 rounds of Federal Cartridge Company Luger 9mm caliber ammunition.

Defendant NGUYEN possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)  Second Degree Vehicle Burglary, in violation of California Penal Code Sections 459, 460(b), in the Superior Court of the State of California, County of Orange, case number 03HF1408, on or about November 25, 2003;

(2)  Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Orange, case number 03HF1408, on or about November 25, 2003;

(3)  Receiving Stolen Property, in violation of California Penal Code Section 496(a), in the Superior Court of the State of

4

California, County of Orange, case number 03HF1408, on or about November 25, 2003;

(4) Insurance Fraud, in violation of California Penal Code Section 550(b)(3), in the Superior Court of the State of California, County of Orange, case number 10NF2313, on or about March 3, 2011;

(5) Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, County of Orange, case number 10NF2313, on or about March 3, 2011;

(6) Possession of Firearm by Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Orange, case number 10WF3034, on or about March 3, 2011; and

(7) Possession of Ammunition by Felon, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Orange, case number 14HF2654, on or about January 8, 2015.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant QUYNHAN ADAM DO NGUYEN's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense, including but not limited to the following:

1.    Approximately $20,234 in U.S. currency seized on November 9, 2019;

2.    Approximately $40,383 in U.S. currency seized on November 10, 2019;

(b)    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)    All right, title and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1.    One unserialized 9mm pistol with no known make or model;

2.    One Sig Sauer, model P226, .40 caliber pistol, bearing serial number U672322; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

(1)   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant QUYNHAN ADAM DO NGUYEN's conviction of the offenses set forth in either of Counts Three or Four of this Indictment.

(2)   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

1.   One unserialized 9mm pistol with no known make or model;

2.   One Sig Sauer, model P226, .40 caliber pistol, bearing serial number U672322;

3.   100 rounds of Winchester Luger 9mm caliber ammunition;

4.   50 rounds of Winchester S&W .40 caliber ammunition;

5.   19 rounds of Winchester +P+ 15 9mm caliber ammunition;

6.   4 rounds of Sig Sauer Luger 9mm caliber ammunition;

7.   3 rounds of Federal Cartridge Company Luger 9mm caliber ammunition; and

8

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

(3)  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//
//
//

1  in value; or (e) has been commingled with other property that cannot

2  be divided without difficulty.

3                                       A TRUE BILL

4

5                                       _/S/_____

6                                       Foreperson

7  NICOLA T. HANNA
   United States Attorney
8

9  _Brandon Fox_

10 BRANDON D. FOX
   Assistant United States Attorney
11 Chief, Criminal Division

12 BENJAMIN R. BARRON
   Assistant United States Attorney
13 Chief, Santa Ana Branch Office

14 VIBHAV MITTAL
   Assistant United States Attorney
15 Deputy Chief, Santa Ana Branch
   Office
16
   ROSALIND WANG
17 Assistant United States Attorney
   Santa Ana Branch Office
18

19

20

21

22

23

24

25

26

27

28